UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ALEC G. SOHMER,**
    Debtor

Chapter 7
Case No. 06-14073-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**COMMONWEALTH OF MASSACHUSETTS,**
    Plaintiff
v.
**ALEC G. SOHMER, Individually and as
Trustee of Certain Named Nominee Trusts;
JENNIFER SOHMER, Individually and as
Trustee of Certain Named Nominee Trusts;
TIMELESS FUNDING, INC.; ANDREW P.
PALMER, Individually and as a Member of
ANDREW P. PALMER AND ASSOCIATES;
SHAUN M. ELLIS, Individually and as a
Member of SHAUN M. ELLIS, LLC;
CARTERET MORTGAGE CORPORATION;
and EDWARD DE LA FLOR,**
    Defendants

Adv. P. No. 06-1433

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

    The matters before the Court are 1) the Motion to Dismiss Adversary Complaint for

Lack of Subject Matter Jurisdiction filed by Andrew P. Palmer ("Palmer"); 2) the Motion

1

to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Mandatory Abstention filed by Carteret Mortgage Corporation ("Carteret"), which Motion was joined, with Court authority, by Edward de la Flor ("de la Flor") who was an employee of Carteret Mortgage Corporation (collectively, "Carteret"). The Commonwealth of Massachusetts, by and through its Attorney General, Martha Coakley (the "Commonwealth"), opposed both motions. The Court conducted a hearing on March 26, 2008 at which time the issue of the propriety of the Commonwealth's Notice of Removal was raised. The Court ordered the submission of supplemental briefs and took the Motions to Dismiss under advisement. All parties have submitted briefs on this Court's "related to" jurisdiction under 28 U.S.C. § 1334, as well as issues involving removal and remand under 28 U.S.C. §§ 1441, 1446, 1447 and 1452.

Upon consideration of the Amended Complaint filed by the Commonwealth and the applicable statutes referenced below, as well as the memoranda submitted by the parties, the Court hereby remands Counts I through V of the Commonwealth's First Amended Complaint to the Suffolk Superior Court, Department of the Massachusetts Trial Court, retains jurisdiction over Count VI, through which the Commonwealth seeks denial of the Debtor's discharge under 11 U.S.C. § 727(a)(2), (3), (4), (5), and (7), and Count VII, through which the Commonwealth seeks, in the alternative, an exception to the Debtor's discharge under 11 U.S.C. § 523(a)(2), (4), (6), and (7).

The Commonwealth removed the above-captioned adversary proceeding from the Suffolk Superior Court on December 12, 2006 by filing a "Notice of Removal" with respect

to a pending five-count Complaint which it had filed on August 30, 2006 against the Debtor, his non-debtor spouse, Jennifer Sohmer, both individually and as trustees of several nominee trusts, and Timeless Funding, Inc. In its Notice of Removal, the Commonwealth stated:

> [T]he Commonwealth's state court action is subject to removal under 28 U.S.C. § 1441(b), which provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties."

Citing Pacor, Inc. v. Higgins, 743 U.S. 984, 994 (1984), it added that "under 28 U.S.C. § 1334(b), its action is related to Alec Sohmer's bankruptcy proceeding, and, therefore, the district court has original but not exclusive jurisdiction over the state court action." The Commonwealth recognized, however, that "[u]nder 11 U.S.C. § 362(b)(4), the Commonwealth's state court action is not subject to the automatic stay, and, accordingly, the Commonwealth is entitled to prosecute its claim against Sohmer in the Superior Court." In support of that position, it cited, inter alia, In the Matter of Commonwealth Oil Refining Co., Inc., 803 F.2d 1175, 1182 (5th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987), and In re First Alliance Mortgage Co., 263 B.R. 99 (B.A.P. 9th Cir. 2001). In a footnote, it also observed the following: "Because the state court action is one by a governmental unit to enforce its police or regulatory power, removal is appropriate under Section 1441(b) instead of 28 U.S.C. § 1452(a)(excepting regulatory enforcement actions from bankruptcy-specific removal). . . ."

The Commonwealth's original Complaint contained five counts as follows: Count

3

I: Unfair and Deceptive Acts and Practices in Violation of G.L. c. 93A, § 2; Count II: Violation of c. 93A through Violations of the Massachusetts Consumer Credit Cost Disclosure Act, G.L. c. 140D and Federal Truth-in-Lending Laws, 15 U.S.C. §§ 1635, 1638; Count III: Violation of c. 93A through Violations of Massachusetts and Federal Law Applicable to High Cost Mortgage Loans, G.L. c. 183, § 28C, 209 C.M.R. §§ 32.2 & 32.34, and 15 U.S.C. § 1639; Count IV: Usury; and Count V: Fraud. The Commonwealth sought permanent injunctive relief against the defendants, as well as restitution to consumers, civil penalties, attorneys' fees, costs and other remedial relief.

Approximately nine months after it filed its Notice of Removal, the Commonwealth moved to amend its Complaint. In the absence of objection, the Court granted the Commonwealth's Motion, and the Commonwealth filed its Amended Complaint on October 10, 2007. In its Amended Complaint, the Commonwealth added additional defendants, including Palmer, Carteret, and de la Flor. Having obtained extensions of time within which to respond to the Commonwealth's Amended Complaint, Palmer moved in late December 2007, and Carteret moved in late January 2008, to dismiss the Amended Complaint for lack of subject matter jurisdiction. Palmer also raised the issue of the propriety of the Commonwealth's removal and in his supplemental memoranda emphasized that removal was improper in view of the provisions of 28 U.S.C. § 1452 reproduced below. Relying upon City and County of San Francisco v. PG & E Corp., 433 F.3d 1115 (9th Cir. 2006), he stated that section 1452 "sets forth a substantive limit on subject matter jurisdiction of federal bankruptcy courts" for state police or regulatory

actions, that is not subject to waiver. He also argued that the defect in the Commonwealth's removal was not merely procedural and rejected its reliance upon 28 U.S.C. § 1447(c).

## II. ANALYSIS

The issues presented in this case are complex, and there are few cases procedurally or factually similar to those present here. The Commonwealth removed its civil action under 28 U.S.C. § 1441(b), which must be read in the context of the preceding subsection. Section 1441(a) provides:

> *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending*. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (emphasis added). Section 1441(b), in turn, provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). The procedure governing the removal of claims from state to federal courts under section 1441 is governed by 28 U.S.C. § 1446. Timing is critical. Section 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt *by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of

5

> summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

Section 1452 of title 28 contains removal and remand provisions pertinent to the jurisdiction of bankruptcy cases and civil proceedings arising under title 11, or arising in or related to cases under title 11. *See* 28 U.S.C. § 1334. Unlike section 1441, it does not limit removal to the defendant or defendants. It provides:

> (a) A party may remove any claim or cause of action in a civil action *other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power*, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(emphasis added).

The statutes set forth above unequivocally demonstrate that the Commonwealth improperly removed its state court action against the Debtor and the other defendants to this Court. As the plaintiff in the Suffolk Superior Court action, the general removal statute, 28 U.S.C. § 1441, was unavailable to it. As the court in First Guaranty Bank & Trust Co. v. Reeves, 86 F. Supp. 2d. 1147 (M.D. Fl. 2000), recognized:

> Because the subject matter jurisdiction of a federal court is constitutional and statutory in nature, it cannot be waived or otherwise conferred upon the

6

> court by the parties. University of South Ala., 168 F.3d at 410. *See also* Hurt v. Dow Chemical Co., 963 F.2d 1142, 1146 (8th Cir.1992) ("subject-matter jurisdiction is not a mere procedural irregularity capable of being waived"). Even if neither of the parties objects to a court's subject matter jurisdiction, the court may - indeed should - inquire into its jurisdiction *sua sponte* whenever it maybe lacking. 168 F.3d at 410. *"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction."* Id. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28 U.S.C. § 1447(c). This is true regardless of the existence of other motions pending before the court. 168 F.3d at 411.

Reeves, 86 F. Supp. 2d at 1150 (emphasis added).

The United States Supreme Court in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), determined the issue of "whether the suit in which the counterclaim is filed, is one removable *by the plaintiff* to the federal district court on grounds of diversity of citizenship under § 28 of the Judicial Code, 28 U.S.C. § 71," the precursor of 28 U.S.C. § 1441. 313 U.S. at 103 (emphasis added). In Shamrock Oil, the plaintiff in a state court case removed a cause of action to the district court which denied the defendant's motion to remand. The United States Court of Appeals for the Fifth Circuit reversed and ordered the matter to be remanded to the state court "on the ground that the plaintiff in the state court was not a 'defendant' within the meaning of § 28 of the Judicial Code, and so was not entitled to remove the cause under that section, which in terms authorizes the removal of a suit subject to its provisions only 'by the defendant or defendants therein.'" Id. The Supreme Court, in affirming the decision of the Fifth Circuit, reviewed prior versions of

7

section 28,[1] and stated the following:

> Not only does the language of the Act of 1887 [the precursor to § 1441] evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts,

---

[1] The Supreme Court stated:

We cannot assume that Congress, in thus revising the statute, was unaware of the history which we have just detailed, or certainly that it regarded as without significance the omission from the earlier act of the phrase 'either party', and the substitution for it of the phrase authorizing removal by the 'defendant or defendants' in the suit, or the like omission of the provision for removal at any time before the trial, and the substitution for it of the requirement that the removal petition be filed by the 'defendant' at or before the time he is required to plead in the state court.

We think these alterations in the statute are of controlling significance as indicating the Congressional purpose to narrow the federal jurisdiction on removal by reviving in substance the provisions of § 12 of the Judiciary Act of 1789 as construed in West v. Aurora City, supra. See H. Rept. No. 1078, 49th Cong., 1st Sess., p. 1. If, in reenacting in substance the pertinent provisions of § 12 of the Judiciary Act, Congress intended to restrict the operation of those provisions or to reject the construction which this Court had placed upon them, by saving the right of a plaintiff, in any case or to any extent, to remove the cause upon the filing of a counterclaim praying an affirmative judgment against him, we can hardly suppose that it would have failed to use some appropriate language to express that intention. That its omission of the reference in the earlier statute to removal by 'either party' was deliberate is indicated by the committee reports which recommended the retention of the provisions of the Act of 1867 for removal by either plaintiff or defendant when an additional ground of removal is prejudice and local influence. See H. Rept., op. cit., supra, p. 2.

313 U.S. 107-08 (footnote omitted).

> may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

Shamrock Oil, 313 U.S. at 108-09 (citations omitted).

In La Chemise Lacoste v. Alligator Co., Inc., 506 F.2d 339, 344 (3d Cir. 1974), the court observed that "the current statute [28 U.S.C. § 1441] has been given a similar construction" to that set forth in Shamrock Oil. *See* First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002) (holding that third-party defendants are not "defendants" for purposes of § 1441(a)). Thus, this Court finds that it lacks jurisdiction under 28 U.S.C. § 1441 to adjudicate the Commonwealth's Amended Complaint.

The Commonwealth relies upon 28 U.S.C. § 1447(c) to overcome the anomaly engendered by the removal of its Complaint as plaintiff. It argues that any defect in the removal procedure was waived by Palmer and Carteret. Section 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made *within 30 days after the filing of the notice of removal under section 1446(a)*. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added). The Commonwealth's argument raises the issue of whether removal by a party precluded by statute from effectuating removal is a procedural defect. As determined above, this Court does not believe that failure to comply with a fundamental prerequisite of section 1441(b) is a procedural defect, and the Commonwealth has cited no case supporting its position that removal of its Complaint from the state court

9

to this Court constitutes a procedural defect capable of being waived. Moreover, given the plain language of the statute, namely that a motion to remand must be filed "within 30 days after the filing of the notice of removal under section 1446(a)," this Court cannot find that either Carteret or Palmer waived the right to file a motion to remand because the 30 day period expired long before they were even added as named defendants. To rule otherwise would be an egregious violation of due process.

The time limitation set forth in section 1447(c) makes perfect sense. Under the circumstances contemplated by the general removal statute, the defendant or defendants would be the parties filing the Notice of Removal, and the plaintiff would be the party seeking remand. See La Chemise Lacoste v. Alligator Co., 506 F.2d at 343 n.4 ("it is axiomatic that a plaintiff may not remove an action to federal court"). Many courts have observed that "it is well-settled that 'the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). In Rossello-Gonzalez, the First Circuit, echoing the Supreme Court in Shamrock Oil, added that "the burden to prove that a federal question has been pled lies with the party seeking removal," 398 F.2d at 11 (citing BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997). It concluded that "[i]n light of this burden, and of the important federalism concerns at play in considering removal jurisdiction, see, e.g., Franchise Tax Bd., 463 U.S. at 8, 103 S. Ct. 2841, we find that any ambiguity as to the source of law relied upon . . . ought to be resolved

against removal. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. at 108-09)).

Section 1447(c), which the Commonwealth emphasizes, does not provide any deadlines for motions to remand for added defendants. Such deadlines would be illogical in view of the provisions of section 1441(a) which contemplate the filing of motions to remand by plaintiffs, not defendants. Thus, the defendants cannot be barred from moving to remand or raising objections to this Court's lack of jurisdiction based upon the plain language of section 1447(c).[2] In view of the decision of the Supreme Court in Shamrock Oil and Congress's goal of abridging the right of removal, see La Chemise Lacoste, 506 F.2d at 344, this Court finds that it lacks jurisdiction with respect to the Commonwealth's improperly removed action.

The defendants argue that the position of the Commonwealth effectuates an "end-run" around the provisions of 28 U.S.C. § 1452(a), and this Court agrees. Section 1441(a) begins with the phrase, "[e]xcept as otherwise expressly provided by Congress." Congress expressly provided for removal for bankruptcy matters in section 1452. That section prohibits removal of actions "*to enforce such governmental unit's police or regulatory power.*" The Commonwealth stated that it brought "this enforcement action in the public interest under G. L. c. 93A, §§ 2 and 4 of the Massachusetts Consumer Protection Act concerning

---

[2] The problems associated with the Commonwealth's removal under section 1441(b) have a cascading effect. Under section 1446(b), a defendant must file a notice of removal within 30 days of the receipt of a copy of the initial pleading setting forth the claim for relief or within 30 days after service of the summons, whichever is shorter. The Commonwealth, as plaintiff in the state court action, filed its Complaint against the Sohmers and Timeless Funding, Inc. in August of 2006 but did not purport to remove it to this Court until December of that year.

11

unfair and deceptive business conduct in connection with the foreclosure rescue scheme described in the First Amended Complaint." Thus, it cannot dispute that, if it had filed a Notice of Removal under section 1452(a), this adversary proceeding would have been remanded expeditiously to the state court for lack of jurisdiction.

> The language of the police and regulatory power exceptions in the automatic stay context and in the removal context is virtually identical, and the purpose behind each exception is the same. Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 385 (Bankr. E.D. Pa. 2002). "Section 1452 and 11 U.S.C. § 362(b)(4) were designed specifically to work in tandem. Therefore, interpretation of these two provisions should be consonant." Id. (citation omitted); *see also* 1 Collier on Bankruptcy (15th ed.) § 3.07[3] ("It would seem, therefore, that the congressional intent was to make those types of civil actions that are not subject to removal correspond to civil actions that are excepted from the automatic stay.").

*See* PG & E Corp., 433 F.3d at 1123. The Commonwealth has admitted that its enforcement action is excepted from the automatic stay due to the nature of the action as a police power enforcement proceeding. Moreover, the United States Bankruptcy Appellate Panel for the Ninth Circuit, construing Massachusetts law In re First Alliance Mortgage Co., 263 B.R. 99 (B.A.P. 9th Cir. 2001), specifically held that the Commonwealth's claim for restitution "fits within the narrow exception of § 362(b)(4) for fixing damages for violations of consumer laws." 263 B.R. at 114. Thus, the Commonwealth cannot rely upon 28 U.S.C. § 1447(c) to thwart the exception set forth in section 1452, which is jurisdictional. As the Ninth Circuit observed in PG & E Corp.,

> [t]he central issue in this case is whether removal of the actions filed by the Attorney General and San Francisco was precluded because the claims were part of 'a civil action by a governmental unit to enforce such governmental unit's police or regulatory power,' and not subject to removal under 28 U.S.C. section 1452(a). *This is a question of subject matter jurisdiction* that does

not implicate the jurisdictional limitations of section 1452(b).

433 F.3d at 1121 (emphasis added). The decision in Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995), does not alter this conclusion as the Supreme Court in that case determined that sections 1447(d) and 1452(b) both govern removals and remands in bankruptcy cases, that there is nothing in section 1447(d) that should be read to imply that it does not apply to bankruptcy, and that section 1452(b) should not be read to prevent application of section 1447(d) to bankruptcy. Because both of those sections apply to appellate review of orders to remand, they do not dictate the outcome of the pending motions.

## III. CONCLUSION

In view of the foregoing, the Court remands Counts I through V to the Superior Court. The Commonwealth's Amended Complaint is primarily predicated upon violations of state law and the effect on the administration of the Debtor's bankruptcy case is remote. Although the Commonwealth suggested that there would be delay if this case were remanded to the state court, this Court disagrees. The adversary proceeding has been pending for 15 months in this Court, and because it is at best a non-core, related to proceeding, this Court would be required to submit proposed findings of fact and conclusions of law to the District Court for de novo review. See 28 U.S.C. § 157(c). Accordingly, there is little likelihood that the matter will be resolved any more quickly in the bankruptcy court than in the state court, particularly if there were appeals from any Court order ruling that removal was proper in the first instance. Accordingly, the Court

13

shall enter an order remanding Counts I through V of the Commonwealth's Amended Complaint to the Superior Court and retaining jurisdiction over Counts VI and VII.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 15, 2008
cc: Alec G. Shomer, Esq., Kara Thorvaldsen, Esq., Frank P. Spinella, Jr., Esq., Diane L. Lawton, Esq., Jacqueline A. Welch, Esq., Christopher K. Barry Smith, Esq., Laurel E. Bretta, Esq., Eugene Patrick McCann, Esq., Harold B. Murphy, Esq.,